**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: ) | |
| ) | |
| JIM'S MAINTENANCE AND SONS, ) | |
| INC., ) | BK No. 08-11823-NLJ |
| ) | Chapter 7 |
| Debtor, ) | |
| ) | |
| JIM'S MAINTENANCE AND SONS, ) | |
| INC., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | Case No. CIV-09-438-M |
| ) | |
| TARGET CORPORATION, ) | |
| ) | |
| Appellee. ) | |

## ORDER

In this appeal from the United States Bankruptcy Court for the Western District of Oklahoma, appellant, Jim's Maintenance and Sons, Inc. ("Jim's Maintenance"), contends the Bankruptcy Court abused its discretion in lifting the automatic stay. The sole issue presented for review is whether the Bankruptcy Court abused its discretion by lifting the automatic stay imposed by 11 U.S.C. § 362(a).

I.   Introduction

In 2000, Jim's Maintenance and appellee Target Corporation ("Target") entered into a contract in which Jim's Maintenance agreed to provide cleaning services for Target at certain stores. Thereafter, Jim's Maintenance executed a series of contracts to provide overnight cleaning services to additional Target stores. Through those contracts, Jim's Maintenance agreed to indemnify Target for any wrongful actions by Jim's Maintenance or its employees. In May 2006, Target terminated

its relationship with Jim's Maintenance and the contracts that it had with Jim's Maintenance when it concluded that Jim's Maintenance had violated the contracts.

In 2006, certain employees filed Fair Labor Standards Act claims against Jim's Maintenance and Target in two separate district courts in Texas. One case is pending in the United States District Court for the Southern District of Texas in the Houston Division, Case No.: 4:06-CV-1721, and the second case is pending in the United States District Court for the Western District of Texas in the San Antonio Division, Case No.: SA-06-CA-0568-XR ("Texas Litigation"). Target filed cross-claims against Jim's Maintenance in the Texas Litigation. On March 27, 2008, Jim's Maintenance filed a Petition against Target in the District Court in and for Oklahoma County, State of Oklahoma ("Oklahoma Litigation").[1] Target advised the Bankruptcy Court that it intends to file the same counterclaims or similar cross-claims in the Oklahoma Litigation as it asserted in the Texas Litigation. The Bankruptcy Court appointed special counsel to represent Jim's Maintenance in the Oklahoma Litigation, on a contingency fee basis.

On May 1, 2008, Jim's Maintenance filed for bankruptcy under Chapter 7. Due to the automatic stay provisions of the Bankruptcy Code, Target was prevented from filing counterclaims against Jim's Maintenance in the Oklahoma Litigation. Also due to the filing of bankruptcy, the Texas Litigation was stayed. On December 17, 2008, Target filed a Motion for Relief from Automatic Stay in order to allow it to adjudicate the claims it had filed against Jim's Maintenance in the Texas Litigation and to allow it to file counterclaims against Jim's Maintenance in the Oklahoma Litigation. The Trustee and Jim's Maintenance filed limited objections to Target's

---

[1]On October 10, 2008, Target removed the Oklahoma Litigation to the United States District Court for the Western District of Oklahoma, and this case is currently pending before this Court.

motion; the Trustee and Jim's Maintenance did not oppose the lifting of the stay with respect to the Oklahoma Litigation but did oppose lifting the stay with respect to the Texas Litigation. On February 18, 2009, the Bankruptcy Court granted Target's motion in its entirety.

II.     Standard of Review

The standard of review on appeal of an order lifting the automatic stay is an abuse of discretion. *In re Busch*, 294 B.R. 137, 140 (10th Cir. 2003). "Under the abuse of discretion standard: a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotations and citations omitted).

III.    Discussion

Relief from the automatic stay may be granted for cause. *Id.* "Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis." *Id.* Further, "[t]he moving party has the burden to show that 'cause' exists to lift the stay, after which the burden shifts to a debtor to demonstrate why the stay should remain in place. 11 U.S.C. §§ 362(d)(1), 362(g)." *Id.* at 140-41.

Courts have developed various factor tests to determine whether cause exists to lift the automatic stay. The two most common tests adopted by bankruptcy courts are found in *In re Pro Football Weekly, Inc.*, 60 B.R. 824 (N.D. Ill. 1986) and *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). Under the *Pro Football* analysis, the bankruptcy court considers the following three factors: (1) whether any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit; (2) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor; and (3) whether the creditor has a

probability of prevailing on the merits of his case. *In re Pro Football Weekly, Inc.*, 60 B.R. at 826. Under the *In re Curtis* analysis, the bankruptcy court considers the following twelve factors: (1) whether the relief would result in a partial or complete resolution of the issues; (2) the lack of any connection or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit; (7) whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings had progressed to the point where the parties were prepared for trial; and (12) the impact of the stay on the parties and the "balance of the hurt." *In re Curtis*, 40 B.R. at 799-800.[2]

Jim's Maintenance contends that under either analysis, Target did not meet its initial burden of establishing cause and that the Bankruptcy Court, therefore, erred in lifting the automatic stay in relation to the Texas Litigation. Jim's Maintenance asserts that lifting the stay is prejudicial to the estate and Jim's Maintenance because the estate does not have the necessary funds to employ

---

[2]The *Curtis* factors are the factors mainly used by the reviewing court in this circuit. *In re Busch*, 294 B.R. at 140-42.

counsel to represent Jim's Maintenance in the Texas Litigation and, therefore, Jim's Maintenance will not be properly represented in the Texas Litigation and without proper representation, Jim's Maintenance and the estate cannot properly defend against the cross-claims. Jim's Maintenance further asserts that not lifting the stay with respect to the Texas Litigation is not harmful to Target because it can assert all of its claims against Jim's Maintenance in the Oklahoma Litigation. Jim's Maintenance also contends that lifting the stay and allowing Target to proceed with the Texas Litigation could result in three different results to virtually identical claims asserted by Target. Finally, Jim's Maintenance contends that Target's arguments regarding the *Curtis* factors are *ipse dixit* and are not supported by any factual basis.

In its order, the Bankruptcy Court found, in pertinent part:

> Upon consideration and review of the legal arguments advanced by Target and the trustee, and the evidentiary evidence submitted in support of Target's motion, and the trustee's objection, and noting that the trustee only opposes the lifting of the automatic stay with respect to the cross-claims filed in the Texas litigation against debtor by Target, the Court finds that Target's motion should be, and is hereby, granted in its entirety and thus, the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code is hereby lifted and Target is granted permission to pursue its cross-claims in the Texas litigation and file its counterclaim against debtor in the Oklahoma litigation.
>
> As noted by the trustee in its objection and in open court, the trustee does not oppose granting relief from the automatic stay to Target to allow Target to pursue counterclaims in the Oklahoma litigation. The argument advanced by the trustee in opposing granting relief with respect to the Texas litigation is that the estate would suffer prejudice. The trustee contends that litigation counsel, who have been retained for the Oklahoma litigation, have indicated that they will possibly withdraw from representation of the estate if Target is allowed to pursue its cross-claims in Texas. If that happens, the trustee fears that he will be unable to retain other counsel. While the Court is sympathetic with the position of the estate and the trustee with regard to obtaining counsel, as noted by Target's counsel, one

5

> of the counsel for the estate has previously appeared in the Texas litigation. Also, in the *Itzep* case, one of the Texas litigation, Target has filed a motion for summary judgment on its cross-claim and the debtor has responded. The *Itzep* court's ruling on Target's motion has been stayed due to the bankruptcy filing of the debtor. Further, as pointed out by Target's counsel, the estate through its counsel, same as Target's counsel, could file a motion in the appropriate district court requesting that all claims of Target be consolidated in one jurisdiction and the estate's counsel could suggest the claims should therefore be transferred to Oklahoma. The Court agrees with Target's counsel's position that the decision as to which federal district court should handle the claims should rest with and should be decided by the federal district courts. Thus, the Court does not believe that the prejudice advanced by the trustee for the estate overrides the other factors that compel this Court to grant Target's motion in its entirety.

Order Granting Target Corporation's Motion for Relief from Automatic Stay at 3-4.

Having carefully reviewed the parties' submissions and the Bankruptcy Court's order, the Court finds that the Bankruptcy Court did not make a clear error of judgment or exceed the bounds of permissible choice in the circumstances and, thus, did not abuse its discretion. Specifically, the Court finds that the Bankruptcy Court considered all of the relevant factors and did not clearly err in finding that Target had shown cause to lift the automatic stay based upon the pending Texas Litigation and Oklahoma Litigation and the fact that without lifting the automatic stay Target would not be able to pursue claims against Jim's Maintenance that could be a set off against the claims Jim's Maintenance has raised in the Oklahoma Litigation and based upon the fact that the *Itzep* case has progressed to the point that a motion for summary judgment on Target's claims has been fully briefed. The Court further finds that the Bankruptcy Court did not clearly err in finding that any prejudice to the estate from the potential inadequate representation of the estate in the Texas Litigation did not warrant maintaining the automatic stay in relation to the Texas Litigation; the Court finds that this decision did not exceed the bounds of permissible choice in the circumstances,

particularly in light of the fact that counsel for the estate has previously appeared in the Texas Litigation. Finally, the Court finds that the Bankruptcy Court did not abuse its discretion in finding that the decision as to which federal district court should handle the claims should rest with and should be decided by the federal district courts.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court AFFIRMS the Bankruptcy Court's February 18, 2009 Order Granting Target Corporation's Motion for Relief from Automatic Stay.

**IT IS SO ORDERED this 28th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE